IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Constance Mills, a/k/a Constance Mills Haeseley, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Dale Wayne Mills, ) <br> ) <br> Defendant. ) <br> _____) | ) Civil Action No. 2:04-23286-DCN-GCK <br><br> **ORDER and OPINION** |

## I. BACKGROUND

This matter is before the court on plaintiff's motion to remand. Defendant Dale Wayne Mills, proceeding *pro se*, removed this action to this court, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331. This dispute stems from an underlying state action concerning the dissolution of marriage between plaintiff, Constance Mills, and her former husband, defendant. On November 12, 1996, plaintiff initiated divorce proceedings against defendant in the Family Court for the Ninth Judicial Circuit, Charleston, South Carolina. On December 19,1996, that court issued a final Decree of Divorce awarding permanent alimony and payment of attorney's fees in the amount of $2,500.00.

On September 14, 2004, the Family Court found defendant in civil contempt following plaintiff's motion for a rule to show cause. Subsequently, the court issued an order, dated December 1, 2004, which held that defendant could purge himself of contempt through payment of attorney's fees in the amount of $2,055.00 within ten days of the hearing and through payment of alimony arrearage then due.

1

In response to the court's order, defendant filed a Notice of Removal, dated December 16, 2004, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331. As an attempt to challenge the validity of the Decree of Divorce issued by the Family Court, defendant has removed this case from state court under the assertion that South Carolina Code Annotated §§ 20-3-120 and 20-3-130 are unconstitutional and violate his civil rights under 42 U.S.C. § 1983. In response to defendant's removal, on January 4, 2005, plaintiff filed a motion to dismiss or alternatively, a motion to remand. Subsequently, pursuant to 28 U.S.C. §§ 636(b)(1)(A) & (B), Fed. R. Civ. P. 72(a) & (b), and Local Rule 73.02(B)(2)(e), D.S.C., the case was heard by United States Magistrate Judge George C. Kosko, who issued an order of remand on lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted, failure to timely file notice of removal, and the federal abstention doctrine**.**

Following the magistrate's order, which for the foregoing reasons will be viewed as a Report and Recommendation ("Report"), defendant filed an objection. Having carefully considered the defendant's objections in light of the Report, the undersigned orders that this case be remanded to the Family Court for the Ninth Judicial Circuit, County of Charleston.

## II. PROCEDURAL POSTURE

Pursuant to 28 U.S.C. § 636 (b)(1)(A), Fed. R. Civ. P. Rule 72, and Local Rule 73.02(B)(2)(e), D.S.C., a magistrate judge may issue a final order deciding any non-dispositive pretrial motion. However, where a motion is dispositive, the magistrate judge's power is confined to conducting hearings, including evidentiary hearings, and to submit proposed findings of fact and recommendations. Within the statutory language of

28 U.S.C. § 636, a motion to remand is not explicitly labeled as a dispositive motion.

The fact that a motion to remand is not listed among the dispositive motions has led to a split in authority on the issue of whether a magistrate judge can issue an order of remand. One line of cases suggests that a motion to remand is not dispositive, relying on the statutory argument that since remand is not listed as among those dispositive motions, it is not a dispositive motion. See, e.g., Meier v. Premier Wine & Spirits, Inc., 371 F. Supp. 2d 239, 241-42 (E.D.N.Y. 2005); Wachovia Bank v. Deutsche Bank Trust Co., 397 F. Supp. 2d 698, 700-01 (W.D.N.C. 2005); Johnson v. Wyeth, 313 F. Supp. 2d 1272, 1272-73 (N.D. Ala. 2004); Archdiocese of Milwaukee v. Underwriters at Lloyd's, 955 F. Supp. 1066, 1068 (E.D. Wis. 1997); Delta Dental of Rhode Island v. Blue Cross & Blue Shield of Rhode Island, 942 F. Supp. 740, 744-45 (D.R.I. 1996); DeCastro v. AWACS, Inc., 940 F. Supp. 692, 694-95 (D.N.J. 1996); Young v. James, 168 F.R.D. 24, 26-27 (E.D. Va. 1996). While this line of cases has held that a motion to remand is not dispositive and therefore within the power of the magistrate judge, these opinions are not binding.

In contrast, every appellate court that has considered the issue has found remand to be the functional equivalent of a dispositive order. These cases hold that a motion to remand is a final order and therefore outside the scope of a magistrate judge's authority. The Third Circuit was the first appellate court to so find, and subsequently, the Sixth and the Tenth Circuits have followed. See In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998); Vogel v. U.S. Office Prods. Co., 258 F.3d 509, 515-16 (6th Cir. 2001); First Union Mortgage Corp. v. Smith, 229 F.3d 992, 997 (10th Cir. 2000). The Fourth Circuit has yet to conclude whether a magistrate judge's order of remand is dispositive; however,

in this district, Judge Falcon B. Hawkins sided with the appellate courts and held that a motion to remand was a dispositive motion, and outside the statutory authority of a magistrate judge. Long v Lockheed Missiles & Space Co., Inc., 783 F. Supp. 249 (D.S.C. 1992).   In Long, Judge Hawkins combined the statutory language with the practical effects of a remand order and reasoned that since a remand order serves as the virtual equivalent of a dismissal, which is itself outside the scope of a magistrate judge's authority, the magistrate judge is not empowered to determine the matter.  The court concluded that the magistrate judge was without power to issue an order of remand and, therefore, the magistrate judge's order must be viewed as a report and recommendation.

Therefore, this court will view the magistrate judge's order as a Report and Recommendation and defendant's objections as objections to the magistrate judge's Report.

### III. STANDARD OF REVIEW

This court must conduct a de novo review of any portion or portions of the magistrate judge's Report to which an objection is made, and may accept, reject, or modify the recommendations contained therein.  28 U.S.C. § 636(b)(1).  However, this court need not review any findings or recommendations to which neither party objects. Thomas v. Arn, 474 U.S. 140, 150 (1985).  A party's failure to object constitutes an acceptance of the magistrate judge's findings and recommendations.  United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984) (adopting interpretation of 28 U.S.C. § 636 which conditions appeal from district court's judgment on magistrate judge's recommendation on party's filing of objections with the district court); Thomas, 474 U.S. at 155 (upholding similar procedural rules).  A general objection which is not

4

"sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" is inadequate to obtain district court review. Page v. Lee, 337 F.3d 411, 416 n. 3 (4th Cir. 2003) (quoting United States v. 2121 E. 30th Street, 73 F.3d 1057, 1060 (10th Cir. 1996)).

## IV. ANALYSIS

The magistrate judge's Report recommended granting plaintiff's motion to remand on lack of subject mater jurisdiction, failure to state a claim upon which relief may be granted, failure to timely file notice of removal, and the federal abstention doctrine. Defendant objects, asserting that removal jurisdiction exists under the federal question requirement of 28 U.S.C. § 1331. Plaintiff did not file an objection to the magistrate judge's Report. This court grants plaintiff's motion to remand for the reasons stated in the magistrate judge's Report.

### A.     Defendant's Objections to the Report

Defendant outlines several objections to the magistrate judge's Report. Those objections pertinent to the findings below are addressed as follows:

#### i.     Younger Doctrine

The magistrate judge's Report concludes the case be remanded to state court for lack of subject matter jurisdiction. Defendant objects, alleging the presence of a federal question. This court is of the opinion that this action be remanded as federal court abstention is compelled pursuant to the Younger Doctrine. Younger v. Harris, 401 U.S. 37 (1971).

The Younger Doctrine refers to the principle whereby federal court abstention, for reasons of avoiding interference with an ongoing state criminal proceeding, is invoked

unless the prosecution has been brought in bad faith or as harassment. Younger, 401 U.S. at 53-54.  The Supreme Court subsequently expanded the Younger Doctrine to cases involving state-court civil proceedings and later, even implied that Younger pertains to all civil proceedings.  See Juidice v. Vail, 430 U.S. 327, 335 (1977); Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 10 (1987).  Implying that Younger applies to all civil proceedings, the Court in Pennzoil reasoned that, "so long as those challenged statutes relate to pending state proceedings, proper respect for the ability of state courts to resolve federal questions presented in state court litigation mandates that the federal court stay its hand." Pennzoil, 481 U.S. at 10.   In New Orleans Public Service, Inc. v. City Council of New Orleans, 491 U.S. 350, 367 (1989), (NOPSI), the court rejected an expansive interpretation of Younger abstention, clarifying that Younger is not to be applied to prevent review of matters other than judicial proceedings.  The NOPSI court found that Younger does not apply in circumstances involving a state judicial proceeding reviewing legislative or executive action. Id.

In the case at bar, plaintiff alleges that federal court abstention is necessary when there is a pending state proceeding that implicates important state interests and there is an adequate opportunity in the state proceedings to raise federal claims.  Applying this rationale, in conjunction with the general policy of deferring to state courts in domestic relations matters, the magistrate judge's Report asserts that federal abstention is compelled.[1]

---

[1] Under the "domestic relations exception" to diversity jurisdiction, federal courts generally decline to exercise jurisdiction in matters pertaining to domestic relations even when complete diversity jurisdiction of the parties exists.  See Wasserman v. Wasserman,

The abstention doctrine enunciated in Younger embodies a three-pronged test to determine whether abstention is appropriate in civil cases: (1) existence of an ongoing state judicial proceeding; (2) proceedings implicating important state interests; and (3) adequate opportunity in the state proceedings to raise federal claims. Richmond Rail Co. v. Forest, 4 F.3d 244, 251 (4th Cir. 1993). Application of this test to the present case illustrates that federal abstention is compelled. Referencing the first prong of the test, enforcement proceedings of a state court judgment in conjunction with an order of civil contempt are underway and predate the filing for removal. Thus, it is clear that there is an ongoing state judicial proceeding.

In accordance with the second prong of the test, state divorce proceedings, enforcement of alimony, and contempt proceedings are clear examples of civil proceedings which implicate vital state interests. South Carolina has important interests in determining the application and enforcement of its divorce laws, alimony decisions and state court contempt proceedings. See, e.g., Juidice v. Vail, 430 U.S. at 335 (1977) (holding that Younger applies to pending state court contempt proceedings); Moore v. Sims, 442 U.S. 415, 423 (1979). Asserting the value of comity and federalism, the Court in Juidice emphasized the importance of the state's interest in state court contempt proceedings, and accordingly, held that Younger applied. Id. at 336. As in Juidice, the instant case involves important state interests and warrants federal abstention.

---

671 F.2d 832, 834 (4th Cir.), cert denied, 459 U.S. 1014 (1982); Wilkins v. Rodgers, 581 F.2d 399, 403-405 & n. 4 (4th Cir. 1978). However, in this case, the domestic relations exception does not apply because jurisdiction is alleged upon a federal question, not diversity of citizenship. See U.S. v. Bailey, 115 F.3d 1222, 1231 (5th Cir. 1997).

With regard to the third prong of the test, the defendant has had and will have ample opportunity in the underlying proceedings to raise his federal claims.

In accordance with the principles of the Younger Doctrine, this court grants remand for the reasons asserted in the magistrate judge's Report. Family law is among the most central state law interests, and this court's adjudication of South Carolina's family law jurisprudence would only undermine comity and federalism. Based on this conclusion, the court need not address the remainder of defendant's objections. Accordingly, remand is granted.

### ii.    Attorney Fee Award

Defendant alleges that the magistrate judge's award of attorney's fees, though statutorily permitted, was an abuse of discretion. The award of attorney's fees is permitted under 28 U.S.C. § 1447(c) and this court finds no such abuse in the award of such. Thus, pursuant to 28 U.S.C. § 1447(c), attorney's fees, including just costs and any actual expenses incurred by the removal of this proceeding, will be granted to plaintiff.

### V. CONCLUSION

For the reasons stated above, it is therefore **ORDERED** that plaintiff's motion to remand be **GRANTED**. It is further **ORDERED** that the magistrate judge's award of attorney's fees to plaintiff is **AFFIRMED**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 5, 2006**
**Charleston, South Carolina**